09-4399-ag
Zhang v. Holder

BIA
Nelson, IJ
A099 934 675

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of July, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

FA CHANG ZHANG,
> *Petitioner*,

v.                                              09-4399-ag
                                                NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Melody K. Eaton, Trial Attorney *(for
                       Tony West, Assistant Attorney
                       General, *and* Aviva L. Poctzer,
                       Senior Litigation Counsel), Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Fa Chang Zhang, a native and citizen of the People's Republic of China, seeks review of a September 30, 2009, order of the BIA affirming the March 19, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fa Chang Zhang,* No. A099 934 675 (BIA Sept. 30, 2009), *aff'g* No. A099 934 675 (Immig. Ct. N.Y. City Mar. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse

2

credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. The IJ reasonably relied on petitioner's omission from his asylum application and his wife's omission from her first letter of any claim that he was beaten on account of his resistance to China's family planning policy. Although petitioner argues that he failed to include this information in his application because he thought it was unnecessary, in the circumstances of this case, that argument does not compel us to find error in the IJ's decision. *Id.* Accordingly, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B).

Because petitioner's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

3

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk